United States District Court
Southern District of Texas
**ENTERED**
April 07, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SAMUEL GIPSON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-464 |
| § | |
| ENTERPRISE PRODUCTS PARTNERS § | |
| L.P., *et al*, § | |
| § | |
| Defendants. § | |

# **ORDER**

On April 4, 2017, Plaintiff filed an amended complaint (D.E. 34), which does not reference his earlier complaint. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 508 (5th Cir.1985)). A Rule 12(b)(6) motion addressed to a superseded complaint is moot. *See generally, Van Deelen v. Cain*, 628 F. App'x 891, 900 (5th Cir. 2015) (noting that prior motions to dismiss had been mooted by prior amended complaints). *See also, Maxim Integrated Prod., Inc. v. State Farm Mut. Auto. Ins. Co*., No. SA-14-CV-1030-XR, 2015 WL 10990119, at *1 (W.D. Tex. Feb. 12, 2015) (citing *Merritt v. Fogel*, 349 F. App'x 742, 745 (3d Cir. 2009)). Consequently, the Court TERMINATES AS MOOT Defendant's motion to dismiss (D.E. 28).

Plaintiff's motion to amend (D.E. 30) recited that, if granted, his motion to abate (D.E. 23) would be moot. Having granted the motion to amend, the Court TERMINATES AS MOOT Plaintiff's motion to abate (D.E. 23).

ORDERED this 7th day of April, 2017.

                                                        _____
                                                        NELVA GONZALES RAMOS
                                                        UNITED STATES DISTRICT JUDGE