UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SAMUEL GIPSON, § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> ENTERPRISE PRODUCTS PARTNERS L.P., § <br> *et al*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 2:16-CV-464 |

## ORDER

Plaintiff Samuel Gipson filed this employment discrimination case against Defendants Enterprise Products Partners, L.P. and Enterprise Products Operating, LLC (jointly Enterprise). He claims that when Enterprise discontinued funding his position, it acted as his employer and effectively terminated him because of his race and installed an unofficial replacement, achieving an all-Hispanic work force. The Court previously determined that Gipson stated a claim upon which relief may be granted for discrimination and retaliation. D.E. 46. At that time, Enterprise had not challenged the tortious interference claim. *Id*.

Now before the Court is Enterprise's Motion for Summary Judgment (D.E. 59), seeking summary dismissal of the tortious interference, discrimination, and retaliation claims because Enterprise was not Gipson's employer, Enterprise had non-discriminatory reasons for eliminating the position, Enterprise was not aware of Gipson's alleged protected activity and could not have retaliated against him, and Enterprise was privileged to take the actions it did in exercising its own contractual rights. Also before the Court is Defendants' Motion to Strike and Objections to Evidence (D.E. 64) and Plaintiff's Motion to Strike Defendants' Replies and Responses (D.E. 66), including a request to file a surreply.

After due consideration, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to strike (D.E. 66). More specifically, the Court declines to strike Defendants' motion to strike (D.E. 64) and Defendants' response (D.E. 65) to Plaintiff's motion to strike and objections to evidence stated within his summary judgment response (D.E. 61). However, the Court grants Plaintiff's request to consider his surreply (D.E. 66-1).

After reviewing the proffered evidence and arguments, along with the parties' respective evidentiary objections and responses, the Court determines that there is sufficient admissible evidence to raise a disputed issue of material fact with respect to the challenged elements of the discrimination and retaliation claims. Consequently, the objections are OVERRULED as moot, without prejudice to restate the objections during the course of trial.

Last, the Court considers Defendants' motion for summary judgment on the merits. Defendants claim that they were entitled to defund Gipson's position because they had the right to pursue their own business interests in the matter. This is a claim that any acts were justified or privileged. "A party is privileged" under Texas law to "interfere with the contractual relations of another if: (1) it acts in the bona fide exercise of its own rights, or (2) the interfering party has an equal or superior right in the subject matter to that of the party to the contract." *Jacked Up, L.L.C. v. Sara Lee Corporation*, 854 F.3d 797, 813 (5th Cir. 2017) (citation omitted).

Gipson responds that justification or privilege constitutes an affirmative defense to the tortious interference claim. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.,* 29 S.W.3d 74, 77 (Tex. 2000). Affirmative defenses must be pled. Fed. R. Civ. P. 8(c). Gipson argues that Defendants did not plead this affirmative defense in their answer and therefore, cannot be entitled to summary judgment on this basis.

Among their affirmative defenses, Defendants pled: "Defendants specifically and affirmatively plead that Plaintiff's claims are barred, in whole or in part, because Defendants' actions, jointly or singly, were fully permitted by, and they complied with and followed, the rights provided for in the contract between EP Operating and Eagle Ford." D.E. 57, p. 11. This allegation is fully consistent with the defense of privilege or justification against a claim of tortious interference. Therefore, no pleading rules prohibit summary judgment on this basis. Gipson did not provide any other response to the privilege defense. As uncontroverted, the defense entitles Defendants to a dismissal of the tortious interference claim.

Defendants also seek summary judgment on this theory claiming that Gipson cannot prove the necessary element of causation. The Court need not, and does not, address the merits of this argument because, even if Gipson supplied sufficient evidence of causation, it would not defeat the privilege defense. The issue of causation is moot.

The summary judgment motion (D.E. 59) is GRANTED IN PART and the tortious interference claim is DISMISSED. The motion is DENIED IN PART with respect to the claims for discrimination and retaliation.

ORDERED this 27th day of December, 2018.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE